UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS SENGILLO,

                            Plaintiff,

                                                            DECISION AND ORDER

                                                            06-CV-6382L

            v.

VALEO ELECTRICAL SYSTEMS, INC.,
VALEO SA,

                            Defendants.
_____

      Plaintiff, a former employee of defendant auto parts manufacturer Valeo Electrical Systems ("VESI"), was terminated from his position as a buyer with VESI effective April 30, 2001.   While it is undisputed that VESI had initially decided to terminate plaintiff for poor performance, the parties agreed that the termination would be characterized as a reduction in force ("RIF"), at least in part to relieve plaintiff of the stigma and embarrassment of a performance-related termination in applying for future employment.

      In connection with his termination, plaintiff met with VESI Human Resources Officer Kathy Langston ("Langston"), who offered plaintiff a severance package which included payments totaling $50,828.80, eleven months of healthcare coverage, and outplacement services of up to $5,000.00 in value, in exchange for a standard settlement and release of claims (the "Release").   After consulting

with an attorney who unsuccessfully attempted to negotiate for additional severance terms, plaintiff signed the Release and received the severance package offered by VESI.

Thereafter, plaintiff sought additional employment with a different division of VESI, but was not considered for the position after Langston informed the hiring supervisor for that division ("Clark") that plaintiff's termination had actually been for poor performance and not as part of a RIF.[1]

Plaintiff commenced the instant action in Monroe County Supreme Court on June 30, 2006, alleging that VESI breached the terms of the Release by internally disclosing that his termination was the result of poor performance, rather than an RIF.  Upon motion by VESI, the action was removed to this Court on July 31, 2006.  On October 19, 2006, plaintiff filed an Amended Complaint, adding claims for breach of an oral contract.

VESI has moved to dismiss both the original and Amended Complaint (Dkt. #6, #21), arguing that: (1) the Release clause upon which plaintiff relies for his breach of contract claim is a recital clause which triggers no obligation on the part of VESI; and (2) the alleged oral contract is barred by the merger clauses contained in the Release.  I agree.  For the reasons set forth below, VESI's motions to dismiss are granted.

## DISCUSSION

### I.       Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. Proc. 12(b)(6).  In deciding

---

[1]  Plaintiff has commenced a separate action against VESI, *Sengillo v. Valeo Electrical Systems, Inc.*, 03-CV-6509, in connection with VESI's alleged failure to rehire him.

a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987).

I note that the traditional Rule 12(b)(6) test, which permitted dismissal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," has been rejected recently by the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S. Ct. 1955 (2007), which conclusively retired the "no set of facts" test and held that "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citations omitted). *See e.g., Transhorn, Ltd. v. United Technologies Corp.*, 2007 U.S. App. LEXIS 21086 at *6 n. 3 (2d Cir. 2007) (concluding that *Bell Atlantic Corp.*'s holding, which addressed an antitrust claim, is not limited to that context and "affects pleading standards somewhat more broadly"); *Ashcroft v. Dept. of Corrections*, 2007 U.S. Dist. LEXIS 49079 (W.D.N.Y. 2007) (discussing and applying the *Bell Atlantic Corp.* standard).

## II.    Plaintiff's Breach of Contract Claim

In determining whether plaintiff has stated a claim for breach of contract, a court's review is generally limited to the complaint itself.  However, where, as here, additional documents are incorporated by reference into the complaint, those documents may also be appropriately considered. *See Savino v. Fiorella*, 2007 U.S. Dist. LEXIS 43284 at *10-*11 (W.D.N.Y. 2007).  For purposes

of determining VESI's motion to dismiss, the relevant documentation thus includes the Release to which plaintiff's complaint refers, and upon which his breach of contract claims are premised.

As set forth in both the original and Amended Complaint, plaintiff's breach of contract claim rests upon one of the opening recitals in the Release, which states that, "Premises: ...Employer is terminating Employee's at-will employment as part of a reduction in force." It is well settled that, absent some ambiguity in the underlying contract, a recital clause does not create enforceable obligations on the part of the parties and therefore cannot serve as the basis for a breach of contract claim. *See U.S. v. Hamdi*, 432 F.3d 115, 123 (2d Cir. 2005); *Microtel Franchise and Development Corp. v. Country Inn Hotel*, 923 F. Supp. 415, 419 n. 4 (W.D.N.Y. 1996).

Plaintiff argues that the recital clause should be considered an operative contract term, because the "Premises" heading that precedes it is rendered meaningless by a separate Release provision stating that headings are to be given no effect. However, upon review of these provisions in context, it is clear that the "Premises" set forth in the Release, which simply set forth the facts giving rise to the agreement and conclude with the phrase, "Employee and Employer agree as follows," are nothing more than introductory recitals which serve no operative purpose. In short, that which is functionally a recital does not, "by any other name," or even in the absence of a clarifying heading, comprise an enforceable contractual term. *See generally Hamdi*, 432 F.3d 115 at 123-124 (reviewing the form and structure of a plea agreement to determine whether contested clauses are recitals or operative terms, and finding that the use of language such as "the defendant agrees..." indicates a recital).

- 4 -

Because plaintiff's claim for breach of contract cannot, as a matter of law, be premised upon a mere recital, plaintiff has failed to state a claim for breach of the Release, and his breach of contract claim must be dismissed.

### III.    Plaintiff's Breach of Oral Contract Claim

In his Amended Complaint, plaintiff purports to state a claim for breach of oral contract, based on allegations that in the course of negotiating the Release, VESI orally agreed that plaintiff would be terminated as part of a RIF.  He alleges that this oral agreement included unidentified "benefits that follow," including an express or implied promise by VESI never to disclose, even internally, that the true reason for plaintiff's termination was because of his poor performance.

VESI argues that plaintiff's breach of oral contract claim is barred by the merger clauses set forth in the Release.  Specifically, Paragraph 12 states that, "[t]his Agreement, is the entire agreement between the parties" and requires that any modifications be made in writing and signed by both parties.  Paragraph 10(e) notes that, "[i]n signing this Agreement, Employee has not relied on any employer representation or statement about the subject matter of this Agreement that is not set forth in this Agreement."

Plaintiff asserts that the promise of non-disclosure which he has alleged relates to a distinct and separate subject matter from that of the Release (i.e., his termination), and is therefore not covered by the Release's merger clauses.  I am not persuaded.  In fact, the Release and the oral agreement described by plaintiff apply to precisely the same subject matter: the terms and conditions surrounding the defendant's termination of plaintiff's employment.  Indeed, plaintiff relies upon the same alleged consideration for his claims of breach of oral agreement as he does for his standard

- 5 -

breach of contract claims: his execution of the Release.  As such, I find that the oral contract which plaintiff alleges is clearly barred by the Release's merger clauses.

As for plaintiff's request that the Court look to circumstances outside the Release to determine the parties' intent, plaintiff makes no argument (nor does the record support the conclusion) that the Release is not clear and unambiguous.  As such, consideration of parol evidence is neither necessary nor appropriate.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss plaintiff's Complaint and Amended Complaint (Dkt. #6, #21) are granted, and plaintiff's claims are dismissed in their entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 17, 2008.